UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

ROCHELE LAURA BRAUN,

    Plaintiff,

v.                           Case No. 17-C-1344

ISAIA CUPINO,

    Defendants.

**SCREENING ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*
AND DISMISSING COMPLAINT WITHOUT PREJUDICE**

Plaintiff has filed a complaint and seeks to proceed *in forma pauperis* under 28 U.S.C. § 1915. ECF No. 2. The Court has reviewed the affidavit submitted in support of the motion and concludes that plaintiff lacks sufficient income and/or assets to pay the filing fee. Accordingly, her petition to proceed *in forma pauperis* is **GRANTED**.

District courts are permitted to screen every complaint, regardless of a plaintiff's fee status. 28 U.S.C. § 1915(e)(2)(B); *Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether it complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted.

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and her statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citations omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* The court is obliged to give the plaintiff's pro se allegations, however inartfully pleaded, a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 21 (1972).

Braun alleges that in 2010 she saw Dr. Cupino, who gave her medication for major back pain. Braun alleges that Dr. Cupino placed her on many medications and that eventually she was hospitalized for a few days. She also alleges that she eventually had a run in with the law and that she is currently disabled. She does not allege what kind of lawsuit she is attempting to pursue. Liberally reading the complaint, it appears that Braun is alleging a state medical malpractice lawsuit.

As a preliminary matter, the court finds that it has no subject matter jurisdiction over this action. Subject matter jurisdiction cannot be waived and may be "raised *sua sponte* by the court at

2

any point in the proceedings." *Hawxhurst v. Pettibone Corp.*, 40 F.3d 175, 179 (7th Cir. 1994). Federal courts are courts of limited jurisdiction, which means they can only hear and decide the kinds of cases that the Constitution and Congress authorize them to hear. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Those cases include cases of diversity jurisdiction, pursuant to 28 U.S.C. § 1332, or cases based on a federal law, pursuant to 28 U.S.C. § 1331. Braun has not pled either. When asked which type of jurisdiction Braun was pursuing her case under, she wrote "whatever the judge decides!" However, a plaintiff must establish that the court has jurisdiction; it is not the court's role or responsibility to determine jurisdiction on behalf of a plaintiff, even one appearing pro se. *See Woodson v. Quinn*, No. 13-cv00240-GPM, 2013 WL 1397726, at *2 (S.D. Ill. Apr. 5, 2013) ("[T]he Court cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff.").

Diversity jurisdiction exists when there is complete diversity of citizenship among the parties to an action and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Complete diversity of citizenship means that "none of the parties on either side of the litigation may be a citizen of the state of which a party on the other side is a citizen." *Howell by Goerdt v. Tribune Entm't Co.*, 106 F.3d 215, 217 (7th Cir. 1997). In this case, complete diversity does not exist because Braun and Dr. Cupino, the only defendant, both reside in Wisconsin.

For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27 28 (1983). A federal court must entertain a complaint seeking recovery under the Constitution or laws of the United States "unless the alleged federal claim either 'clearly appears

3

to be immaterial and solely made for the purpose of obtaining jurisdiction or where such a claim is wholly insubstantial and frivolous.'" *Ricketts v. Midwest Nat. Bank*, 874 F.2d 1177, 1180 (7th Cir. 1989) (quoting *Bell v. Hood*, 327 U.S. 678, 681 82 (1946)). If a district court determines a complaint is undermined by either deficiency, "the complaint must be dismissed for want of federal subject matter jurisdiction." *Ricketts*, 874 F.2d at 1180. Braun has not alleged a violation of her Constitutional rights, nor has she alleged a violation of any federal law. Braun has not even referenced any federal law or the Constitution. Even with the most liberal reading of her complaint, Braun alleges a state medical malpractice claim from 2010. This does not implicate federal law or the federal question doctrine, nor does this establish jurisdiction. Thus, I find that Braun has failed to allege any basis for federal subject matter jurisdiction and Braun's claim must be dismissed.

**IT IS ORDERED** that Plaintiff's motion to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** this action is dismissed for lack of subject matter jurisdiction.

Dated this   7th   day of October, 2017.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court